**NOT FOR PUBLICATION**

FILED

JUL 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30159 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00045-JLQ-1 |
| v. | |
| CHRISTOPHER RAY MYERS, AKA Christopher Myers, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, District Judge, Presiding

Argued and Submitted February 6, 2019
Seattle, Washington

Before: IKUTA and CHRISTEN, Circuit Judges, and CHOE-GROVES,[**] Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

Christopher Myers appeals his sentence for unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g).  We have jurisdiction under 28 U.S.C. § 1291.[1]

In sentencing Myers to 77 months' imprisonment consecutive to his state sentence of 63 months, the district court did not acknowledge the applicability of § 5G1.3(b)(2) of the U.S. Sentencing Guidelines, which provides that when both the federal and state sentences arise from the same "relevant conduct," the federal sentence "shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment."  U.S.S.G. § 5G1.3(b)(2).  Because the district court did not provide any reason for varying from § 5G1.3(b)(2) of the Guidelines in imposing a consecutive sentence, we vacate the district court's sentencing order and remand for the district court to reconsider Myers's sentence in light of that section.  *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018); *United States v. Armstead*, 552 F.3d 769, 784 (9th Cir. 2008).

In ruling that Washington Second Degree Assault, Wash. Rev. Code § 9A.36.021, is a "crime of violence" under § 4B1.2(a) of the Guidelines, the district court did not have the benefit of *Stokeling v. United States*, 139 S. Ct. 544

---

[1] In a published opinion filed concurrently with this memorandum disposition, we vacate the district court's denial of Myers's Sixth Amendment speedy trial claim and remand for further proceedings consistent with that opinion. *United States v. Myers*, __ F.3d ___ (9th Cir. 2019).

(2019), *United States v. Vederoff*, 914 F.3d 1238 (9th Cir. 2019), or *United States v. Robinson*, 869 F.3d 933 (9th Cir. 2017).  We remand to the district court to reconsider this issue in light of this new case law.

**VACATED AND REMANDED.**